UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

IBEW LOCAL 910 WELFARE ANNUITY
AND PENSION FUNDS by John Love, as Fund
Manager; WATERTOWN ELECTRICAL
JOINT APPRENTICESHIP AND TRAINING
FUND by Dennis C. Affinati and Leo Villeneuve,
as Trustees; NATIONAL ELECTRICAL
BENEFIT FUND by John Grau and Edwin Hill,
as Trustees; ST. LAWRENCE VALLEY LABOR
MANAGEMENT COOPERATION
COMMITTEE by Dennis C. Affinati and Leo
Villeneuve, as Trustees; and INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS
LOCAL UNION NO. 910 by Dennis C. Affinati, as
Business Manager,

                                      **Plaintiffs,**

                                  v.                                          7:04-CV-1334
                                                                                   (FJS/GHL)

MEACHAM ELECTRICAL CONTRACTORS, INC.;
NNYS, INC.; and SHELDON MEACHAM,
individually,

                                      **Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **BLITMAN & KING, L.L.P.**<br>Franklin Center<br>443 North Franklin Street<br>Suite 300<br>Syracuse, New York 13204-1415<br>Attorneys for Plaintiffs | **JENNIFER A. CLARK, ESQ.** |
| **MEACHAM ELECTRICAL<br>CONTRACTORS, INC.** | **NO APPEARANCE** |
| **NNYS, INC.** | **NO APPEARANCE** |
| **SHELDON MEACHAM** | **NO APPEARANCE** |

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiffs' complaint asserts a cause of action, pursuant to 29 U.S.C. §§ 1001 *et seq.* and 29 U.S.C. § 185(a), to enforce collective bargaining agreements that provide for the payment of fringe benefit contributions and deductions into employee benefit plans.

Currently before the Court is Plaintiffs' motion, pursuant to Rule 55 of the Federal Rules of Civil Procedure, for entry of a default judgment against Defendants in the amount of $61,094.61.

### II. BACKGROUND

Defendants are parties to collective bargaining agreements ("Agreements") with Plaintiffs. Pursuant to the provisions of these Agreements, Defendants are required to remit fringe benefit contributions and deductions to Plaintiffs. Specifically, Defendants are obligated to remit contributions and deductions for all hours that their employees, who are covered under the Agreements, worked. Additionally, the Agreements and 28 U.S.C. § 1132(g)(2) require Defendants, if they are delinquent in remitting the contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection and attorney's fees.

According to Plaintiffs, between October 2003 and May 2004, Defendants failed to timely remit $33,443.57 in fringe benefit contributions and deductions to Plaintiffs. Therefore, Plaintiffs commenced the present action on November 17, 2004, seeking to collect those delinquent fringe benefit contributions and deductions as well as interest, liquidated damages,

costs and fees of collection, and attorney's fees.

Defendants did not file answers or other motions in response to Plaintiffs' complaint within the required time-frame. As a result, on April 12, 2005, Plaintiffs requested and the Clerk of the Court entered a default against Defendants for failure to appear or otherwise move with regard to Plaintiffs' complaint. *See* Dkt. Nos. 8-9.

### III. DISCUSSION

**A.     Standard of review**

When a court considers a motion for the entry of a default judgment, it must "accept[] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). However, the court cannot construe the damages alleged in the complaint as true. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). Rather, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citation omitted). This inquiry "involves two tasks: [1] determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

**B.     Damages calculation**

*1. Proper rule for calculating damages*

Section 1145 of Title 29 of the United States Code provides that "**[e]very employer who**

**is obligated to make contributions to a multiemployer plan under the terms of the plan** or under the terms of a collectively bargained agreement **shall**, to the extent not inconsistent with law, **make such contributions in accordance with the terms and conditions** of such plan or such **agreement**." 29 U.S.C. § 1145 (emphasis added).

If an employer violates § 1145, 29 U.S.C. § 1132(g)(2) provides that

> [i]n any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court **shall award** the plan –
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>   (i) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2) (emphasis added).

Defendants are employers obligated to make contributions into the benefit plans under the Agreements and failed to make those required payments. Therefore, the Court will apply the provisions of § 1132(g)(2) to calculate Plaintiffs' damages.

### 2. *Plaintiffs' damages*

#### a. *Unpaid contributions*

Plaintiffs have submitted evidence to show that Defendants failed to pay them **$33,443.57** in fringe benefit contributions and deductions. *See* Affidavit of Jennifer Clark, dated May 31, 2005 ("Clark Aff."), at ¶ 16 & Exhibit "G." Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

#### b. *Interest on the unpaid contributions*

The applicable interest rate, as expressed in the Collective Bargaining Agreement, for an employer's failure to make its required fringe benefit contributions to Local No. 910 is 18% per annum on all outstanding and unpaid fringe benefit contributions. *See id.* at ¶ 11 & Exhibit "A" at ¶¶ 11, 26. In addition, the interest rate for unpaid fringe benefits to NEBF, National LMCC and SLVLMCC is 10%. *See id.* Finally, interest on unpaid monies and dues to AMF is 9%. *See id.* Based upon these figures, Plaintiffs have submitted evidence that Defendants owe them **$9,032.61** in interest. *See id.* at ¶ 19 & Exhibit "H." Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

#### c. *Liquidated damages*

Plaintiffs are entitled to liquidated damages equal to the greater of (1) the interest on the unpaid contributions or (2) the liquidated damages provided for under the collective bargaining agreement in an amount that does not exceed twenty percent of the unpaid contributions. *See* 29 U.S.C. § 1132(g)(2)(C). In this case, the greater of the two amounts is the 10% interest on the

unpaid contributions to Local 910 and 20% for the other Plaintiffs, as provided for in the Collective Bargaining Agreement and, thus, Plaintiffs are entitled to **$11,747.24** in liquidated damages. *See* Clark Aff. at ¶¶ 11, 19 & Exhibit "A" at ¶ 26 and Exhibit "H." Accordingly, the Court awards Plaintiffs this amount as part of their damages award.

### *d. Attorney's and paralegal fees and costs*

To calculate an award of attorney's fees, the court multiplies a reasonable hourly rate by the number of hours reasonably expended on the litigation. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citations omitted). The party entitled to attorney's fees has the burden of establishing the appropriate hourly rate and documenting the time reasonably expended on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

In this context, the reasonable hourly rate must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Moreover, the "prevailing community" is "'the district in which the court sits.'" *Luciano*, 109 F.3d at 115 (quotation omitted).

Courts in this district have held that the prevailing rates are $175 per hour for the most experienced attorneys, $125 per hour for attorneys with four or more years experience, $100 per hour for attorneys with less than four years experience, and $65 per hour for paralegals. *See I.B.E.W. Local No. 910 Welfare, Annuity & Pension Funds v. Dexelectrics, Inc.*, 98 F. Supp. 2d 265, 275 (N.D.N.Y. 2000) (citations and footnote omitted).

Plaintiffs have calculated their attorney's fees using rates that differ from the prevailing

rates in this District.[1]  Therefore, the Court will reduce these rates to the appropriate hourly rates for this District as set forth in *Dexelectrics* to calculate Plaintiffs' attorney's fees award.

Four individuals worked on this case on behalf of Plaintiffs: (1) Jennifer A. Clark, Esq., an experienced attorney; (2) Daniel E. Kornfeld, Esq., an attorney with more than four years experience; (3) Christine W. Fleury, a paralegal; and (4) Jessica L. Ratkowski, a paralegal. Below are the Court's calculations of the attorney's and paralegal fees associated with the work that these individuals performed using the appropriate hourly rates.

| Attorney/Paralegal | Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| Jennifer Clark | 6.65 | **$175** | $1,163.75 |
| Daniel Kornfeld | 21.70 | **$125** | $2,712.50 |
| Christine W. Fleury | 3.85 | **$65** | $250.25 |
| Jessica L. Ratkowski | 0.05 | **$65** | $3.25 |

Multiplying the appropriate hourly rates by the hours of work expended on this litigation, the Court concludes that Plaintiffs are entitled to an award of **$4,129.75** in attorney's fees as part of their damages award.

Plaintiffs are also entitled to recover the costs associated with this litigation, including copying costs, filing fees, postage and delivery costs relating to service of the complaint, and research costs.  According to their submissions, Plaintiffs have expended **$776.04** on such items.

---

[1] Specifically, Plaintiffs used the following hourly rates for the attorneys and paralegals who worked on this litigation:

> Jennifer Clark, Esq.        $181.00
> Daniel Kornfeld, Esq.    $181.00
> Christine W. Fleury         $110.00
> Jessica L. Ratkowski      $110.00

Accordingly, the Court awards them this amount for their litigation costs as part of their damages award.

### IV. CONCLUSION

Accordingly, after reviewing Plaintiffs' submissions, the relevant law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Clerk of the Court enter a default judgment in favor of Plaintiffs and against Defendants in the amount of **$59,129.21** as calculated herein.[2]

**IT IS SO ORDERED.**

Dated: August 30, 2005
Syracuse, New York

Frederick J. Scullin, Jr.
Chief United States District Court Judge

---

[2] The Court calculated this figure as follows:
    (1) $33,443.57 in fringe benefit contributions and deductions
    (2) $9,032.61 in interest
    (3) $11,747.24 in liquidated damages
    (4) $4,129.75 in attorney's fees
    (5) $776.04 in litigation costs